# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                                 )

       v.                )     I.D. No. 2308014258
                                 )

KELVIN TYLER,          )
                                 )

    Defendant.      )

Submitted: April 11, 2025
Decided:  May 14, 2025

*Upon Defendant Kelvin Tyler's Motion for Postconviction Relief*
**DENIED.**

## ORDER

Nichole Whetham Warner, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, 5th Floor, Wilmington, DE 19801, Attorney for the State of Delaware.

Kelvin Tyler, SBI# 00470279, Howard R. Young Correctional Institution, 1301 E. 12th Street, Wilmington, DE 19809, *pro se.*

**WHARTON, J.**

The 14th day of May 2025, upon consideration of Defendant Kelvin Tyler's ("Tyler") Motion for Postconviction Relief,[1] and the record in this case, it appears to the Court that:

1.      Tyler was indicted by the Grand Jury in a six-count Indictment on the charges of Aggravated Menacing, Terroristic Threatening, Possession of a Firearm During the Commission of a Felony, Possession of a Weapon with an Obliterated Serial Number, Possession of a Firearm by a Person Prohibited, and Resisting Arrest. On May 28, 2024, he pled guilty to Aggravated Menacing and Possession of a Weapon with an Obliterated Serial Number.  He was sentenced the same day to an agreed upon sentence of five years at Level V, suspended after two years, for 18 months at Level III on the Aggravated Menacing charge.  On the Possession of a Weapon with an Obliterated Serial Number he was sentenced to eight years at Level V, suspended after one year, for one year of concurrent Level III probation.  The Court did not impose the agreed upon Level IV sentence on that charge.

2.      Tyler did not appeal his convictions and sentences to the Delaware Supreme Court.  This Motion for Post Conviction Relief ("PCR Motion") pursuant to Superior Court Criminal Rule 61, his first, was filed timely on February 24, 2025.[2]

3.      In his PCR Motion, Tyler asserts three grounds for relief.  The first alleges that he was not indicted in a timely fashion – "It took the State 142 days to

_____

[1] D.I. 20.
[2] Id.

2

indict me when a Superior Court Administrative Order states that any indictment or information should be filed within 30 days from the date of arrest."[3] The second alleges his guilty plea was coerced – "I was coerced by the prosecutor into accepting a plea when I actually wanted to go to trial. The prosecutor told me that if I didn't accept a 3 year plea, then I would surely receive 15-55 years."[4] Tyler's third claim alleges a violation of his 6th Amendment right to a speedy trial – "I asserted my right to a speedy trial at my Preliminary Hearing and I wasn't indicted until 5 months later."[5] He explains his failure to raise his allegation that his guilty plea was coerced by claiming his attorney told him that in order to take the plea, he had to "state that I freely and voluntarily decided to plead guilty to the charges listed in the plea agreement."[6]

4.      At the Court's direction, the State responded to Tyler's PCR Motion on April 11, 2025.[7] The State reviews the chronology of the case, which shows Tyler was arrested on August 27, 2023, indicted on January 16, 2024, and pled guilty on May 28, 2024. The State's position is that Tyler waived all of his postconviction claims, including his speedy trial rights when he pled guilty.[8] Further, he indicated in his plea colloquy that no one forced him to plead guilty.[9]

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] D.I. 28.
[8] *Id.*
[9] *Id.*

5.      Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[10] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[11] Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, procedural default, or former adjudication.[12] A motion exceeds time limitations if it is filed more than one year after the conviction becomes final, or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[13] A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction … invalid."[14] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause

---

[10] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[11] *Id.*
[12] Super. Ct. Crim. R, 61(i).
[13] Super. Ct. Crim. R. 61(i)(1).
[14] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).

4

for relief" and "prejudice from [the] violation."[15]   Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[16]

6.    The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[17] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[18]

7.    The motion was filed within one year of Tyler's conviction and is not barred by Rule 61(i)(1).  His claim that his guilty plea was coerced was not raised previously and is subject to the bar of Rule 61(i)(3) unless Tyler can show cause for his default and actual prejudice.  He attempts to make that showing by alleging that his lawyer told him that in order for his plea to be accepted, he had to tell the Court that he was entering it freely and voluntarily.  That attempt is unsuccessful.  Instead of showing cause for his failure to raise the issue, it demonstrates that he was not coerced and was willing to enter the plea.  Knowing that all he had to do to avoid entering the plea was to say he did not want to do it, he pled guilty anyway.  His claim that his plea was coerced is barred by Rule 61(i)(3).

---

[15] Super. Ct. Crim. R. 61(i)(3).
[16] Super. Ct. Crim. R. 61(i)(4).
[17] Super. Ct. Crim. R. 61(i)(5).
[18] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

8.      Even if his coerced plea claim were not barred, it still would fail.  In his Truth-in-Sentencing Guilty Pleas Form, Tyler acknowledged that he "freely and voluntarily decided to plead guilty to the charges listed in [his] written plea agreement."[19]  He also acknowledged that no one – not the State, his lawyer, or anyone had threatened or forced him to enter his plea.[20]  He verbally affirmed those acknowledgements during the Court's colloquy with him and confirmed his statements were truthful.  A defendant's statements during the colloquy are "presumed to be truthful," and create "a formidable barrier in any subsequent collateral proceedings."[21]  A defendant is "bound by the representations [defendant] made at the time the plea was entered."[22]  By knowingly, intelligently, and voluntarily entering a guilty plea agreement, a defendant waives his constitutional right to challenge "alleged errors or defects preceding the entry of the plea."[23]  Were it not barred, Tyler's coerced guilty plea claim would be deemed waived.

9.      Similarly, Tyler waived his claims that his indictment was untimely and his speedy trial rights were violated.  The same Truth-in-Sentencing Guilty Plea Form has a question asking if a defendant understands that because he was pleading guilty, he waived certain constitutional rights, including the right to a speedy trial.[24]

---

[19] D.I. 18.
[20] *Id.*
[21] *Sommerville v. State,* 703 A.2d 629 (Del. 1997).
[22] *Miller v. State,* 840 AS.2d 1229, 1231 (Del. 2003).
[23] *Id.* at 1232.
[24] D.I. 18.

The answer to that question was left blank, presumably inadvertently.[25] Nevertheless, Tyler stated that he understood he was waiving that right in the plea colloquy.

10.     Even if Tyler had not waived these two claims, they have no merit. In *Barker v. Wingo,*[26] the United States Supreme Court created a four factor balancing test to determine whether a defendant had been denied his Sixth Amendment right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice resulting to the defendant from the delay.[27] The length of the delay is the trigger that necessitates the consideration of the other three *Barker* factors. "[U]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiring into the other factors that go into the balance."[28] The Delaware Supreme Court has held "if the delay between arrest or indictment and trial approaches [or surpasses] one year, then the Court will generally consider the additional factors."[29] Tyler was arrested on August 27, 2023 and pled guilty on May 28, 2024, a period of eight months. That delay is insufficient to trigger examination of the other three *Barker* factors. Tyler's speedy trial rights, even if not waived, were not violated.

---

[25] *Id.*
[26] 407 U.S. 514 (1972).
[27] *Id.* at 530-31.
[28] *Hughey v. State,* 522 A.2d 335, 341 (Del. 1987).
[29] *Cooper v. State,* 2011 WL 6039613, at *7 (Del. 2011).

**THEREFORE,** Defendant Kelvin Tyler's Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

8